IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDEN GRAHAM, | CASE NO. CV-F-03-6353 AWI LJO P |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND |
| vs. | [Doc. 14] |
| TODD, et al., | |
| Defendants. | |

I. Screening Order

    A.    Screening Requirement

Plaintiff Linden Graham ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 1, 2003. On April 14, 2004, the Court dismissed the Complaint with leave to amend, finding Plaintiff only stated cognizable claims against Defendant Reece and Brougham. On May 11, 2004, Plaintiff filed an Amended Complaint.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any

filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B. Summary of Plaintiff's Complaint

The events at issue in this action allegedly occurred at California Men's Colony-West (CMC-W) in San Luis Obispo and California Correctional Institution (CCI) in Tehachapi. The Amended Complaint now names the following individuals as Defendants: Defendant Curry, Reece, Thomas, Blanks, W. Tesauro, Vela, Lopez, Broughm, Guerrero, McLaughlin, Quinones, Avalos, Todd and Morelli. Plaintiff's Amended Complaint consists of a long narrative detailing every minute conversation Plaintiff had with various individuals. Thus, from the Court can ascertain, Plaintiff's complaint involves a serious rules violation wherein Plaintiff was found guilty and assessed a credit loss and SHU term as punishment. Following the grant of an appeal of the disciplinary finding, Plaintiff's offense was reduced, thereby making him ineligible for SHU placement. However, this information, through an administrative error, it appears, was never included in Plaintiff's file and Plaintiff was then transferred to another facility and again, placed in the SHU.

This Court found that Plaintiff stated a cognizable claim against Defendant Reece for a due process violation and Defendant Braugham for an Eighth Amendment medical claim. However, the Amended Complaint does not name Braugham as a Defendant, nor does the narrative mention him.

C. Plaintiff's Claims

*1. Linkage Requirement*

2

> The Civil Rights Act under which this action was filed provides:
> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

*2. Due Process Claims - Deprivation of Liberty Interest*

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). In Sandin v. Conner, 515 U.S. 472 (1995), the Supreme Court abandoned earlier case law which had held that states created protectable liberty interests by way of mandatory language in prison regulations. Id. at 481-84. Instead, the Court adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. Id. In doing so, the Court held that liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

In this case, although the Court initially found that Plaintiff stated a due process claim against Defendant Reece, Plaintiff does not allege facts sufficient to give rise to a claim for relief under Section

1983 against him in the Amended Complaint. As is the case with every other Defendant named, Plaintiff merely states, in narrative form, that he informed various people that he was entitled to the restoration of lost credits. Plaintiff does not link any of the named Defendants to an act or omission giving rise to the deprivation of a liberty interest sufficient to state a due process claim. In other words, the act of informing certain individuals of the entitlement alone is insufficient to state a claim for relief. Again, in order to state a claim for relief under section 1983, Plaintiff must allege some facts establishing an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

## II. CONCLUSION

The Court finds that Plaintiff's complaint does not contain any claims upon which relief can be granted under § 1983 against any of the defendants. The Court will provide Plaintiff with time to file a first Amended Complaint curing the deficiencies identified above should he wish to do so.

Plaintiff must demonstrate in the Amended Complaint how the conditions complained of resulted in a deprivation of his constitutional rights. See, Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The Amended Complaint must specifically state how each defendant is involved. Further, there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423, U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, Plaintiff's pleading should be short and to the point, containing only those facts necessary to state one or more claims against each defendant. Rule 8 of the Federal Rules of Civil Procedure calls for a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a), and mandates that "[e]ach averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). Plaintiff's pleading should not contain legal arguments, citations to legal authority, or unnecessary and detailed background information. The function of the complaint is to place defendants on notice as to plaintiff's claims. It is not the function of the complaint to list every single fact relating to plaintiff's claims and it is not the function of the complaint to include all of the evidence in plaintiff's possession that he intends to use to support his claims. Plaintiff must submit

1  a complaint to the court that meets the requirements of Rule 8.

2  Finally, Plaintiff is advised that Local Rule 15-220 requires that an Amended Complaint be
3  complete in itself without reference to any prior pleading. As a general rule, an Amended Complaint
4  supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an
5  Amended Complaint is filed, the original Complaint no longer serves any function in the case.
6  Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of
7  each defendant must be sufficiently alleged. The Second Amended Complaint should be clearly and
8  boldly titled "SECOND AMENDED COMPLAINT," reference the appropriate case number, and be an
9  original signed under penalty of perjury.

**III. ORDER**

The Court HEREBY ORDERS:

1. The Clerk of Court is DIRECTED to SEND Plaintiff a blank civil rights complaint form;
2. The Amended Complaint is DISMISSED with leave to amend. Within THIRTY (30) days from the date of service of this order, Plaintiff SHALL:
   a. File a Second Amended Complaint curing the deficiencies identified by the Court in this Order, or
   b. Notify the Court in writing that he does not wish to file an Amended Complaint and pursue the action but instead wishes to voluntary dismiss the case.

Plaintiff is forewarned that his failure to comply with this Order may result in a Recommendation that the complaint be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:   October 13, 2005                  /s/ Lawrence J. O'Neill**
b9ed48                                       UNITED STATES MAGISTRATE JUDGE