# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDEN GRAHAM,<br><br>        Plaintiff,<br><br>   v.<br><br>SULLIVAN, et. al.,<br><br>        Defendants.<br>_____/ | CV F  03-6353 AWI LJO P<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PROSECUTE AND DISREGARD MOTION TO DISMISS.<br><br>(Doc. 43.) |

     Linden Graham ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

     This action was filed on October 1, 2003.  On July 6, 2006, the Court issued a Scheduling Order setting forth  numerous deadlines.  The Order served on Plaintiff was returned to the Court on July 19, 2006, indicating that Plaintiff was "out of custody."

     On August 30, 2006, Defendants filed a Motion to Dismiss the case for Plaintiff's alleged failure to exhaust his administrative remedies.  However, as Plaintiff still had not informed the Court of a change of address, the Court issued an Order to Show Cause on October 24, 2006, why the action should not be dismissed for failure to prosecute.  Plaintiff was granted thirty days in which to respond.  On November 3, 2006, the Postal Service returned the Order to Show

1  Cause to the Court stamped "out of custody."

2  Local Rule 11-110 provides that "failure of counsel or of a party to comply with these
3  Local Rules or with any order of the Court may be grounds for the imposition by the Court of any
4  and all sanctions . . . within the inherent power of the Court."  District courts have the inherent
5  power to control their dockets and "in the exercise of that power, they may impose sanctions
6  including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d
7  829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's
8  failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.
9  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with
10 local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to
11 comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-
12 41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to
13 keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.
14 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,
15 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local
16 rules).

17  In determining whether to dismiss an action for lack of prosecution, failure to obey a
18 court order, or failure to comply with local rules, the court must consider several factors: (1) the
19 public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket;
20 (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
21 their merits; and, (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831;
22 Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali,
23 46 F.3d at 53.

24  In the instant case, the Court finds that the public's interest in expeditiously resolving this
25 litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third
26 factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of
27 injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v.
28 Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring

1  disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal
2  discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order
3  will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik v.</u>
4  <u>Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The court's
5  order of October 2, 2006, expressly stated: "Plaintiff is forewarned that his failure to comply with
6  this Order may result in a Recommendation that the Complaint be dismissed pursuant to Local
7  Rule 11-110."  Thus, Plaintiff had adequate warning that dismissal of the Complaint could result
8  from non-compliance with the Court's Order.

9  Accordingly, the Court HEREBY RECOMMENDS that the action be DISMISSED
10 pursuant to Local Rule 11-110, and for Plaintiff's failure to obey the Court's order of October 24,
11 2006, and for his failure to keep the Court apprised of his mailing address.  The Court also
12 RECOMMENDS that the pending Motion to Dismiss be DISREGARDED in light of the
13 pending dismissal.

14 These Findings and Recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
16 **TWENTY (20) days** after being served with these Findings and Recommendations, Plaintiff
17 may file written objections with the court.  Such a document should be captioned "Objections to
18 Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
19 objections within the specified time may waive the right to appeal the District Court's order.
20 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
21 IT IS SO ORDERED.
22 **Dated:    December 4, 2006**                       **/s/ Lawrence J. O'Neill**
   b9ed48                                              UNITED STATES MAGISTRATE JUDGE