IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LINDEN GRAHAM, | ) | 1:03-cv-06353-AWI-GSA-PC |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING CASE FOR |
| vs. | ) | FAILURE TO OBEY A COURT ORDER |
| | ) | AND FAILURE TO PROSECUTE |
| J. BRAUGHAM, et al., | ) | |
| | ) | ORDER FOR CLERK TO CLOSE CASE |
| Defendants. | ) | |
| | ) | |

On February 8, 2008, the court issued an order granting plaintiff's motion for reconsideration, re-opening this action, updating plaintiff's address, and requiring plaintiff to file a status report within thirty days. On March 7, 2008, the United States Postal Service returned the order as undeliverable. A notation on the envelope indicated that the address on the envelope was insufficient and the postmaster was unable to forward the mail. On May 14, 2008, the court re-served the order using the most recent address provided by plaintiff to the court on April 5, 2007:

> Kingston Central Jail
> Central Police Station Jamaica
> East Queen Street CSO
> Kingston, Jamaica

1

1   More than forty-five days have passed since the re-service, and plaintiff has not filed a status
2   report or otherwise responded to the court's order.

3      Local Rule 11-110 provides that "failure of counsel or of a party to comply with
4   these Local Rules or with any order of the Court may be grounds for the imposition by the Court
5   of any and all sanctions . . . within the inherent power of the Court."  District courts have the
6   inherent power to control their dockets and "in the exercise of that power, they may impose
7   sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth.,
8   782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a
9   party's failure to prosecute an action, failure to obey a court order, or failure to comply with local
10  rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance
11  with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure
12  to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439,
13  1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs
14  to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir.
15  1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421,
16  1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local
17  rules).

18     In determining whether to dismiss an action for lack of prosecution, failure to
19  obey a court order, or failure to comply with local rules, the court must consider several factors:
20  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its
21  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of
22  cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at
23  831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61;
24  Ghazali, 46 F.3d at 53.
25  ///
26

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  <u>Anderson v. Air West</u>, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  <u>Ferdik v. Bonzelet</u>, 963 F.2d at 1262; <u>Malone</u>, 833 at 132-33; <u>Henderson</u>, 779 F.2d at 1424.  The court's order requiring plaintiff to file a status report expressly stated: "Plaintiff is forewarned that failure to comply with this order will result in this action being dismissed."  Thus, plaintiff had adequate warning that dismissal would result from his noncompliance with the court's order.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is DISMISSED in its entirety for plaintiff's failure to obey a court order and plaintiff's failure to prosecute; and
2. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:   July 7, 2008**          /s/ **Anthony W. Ishii**
                              CHIEF UNITED STATES DISTRICT JUDGE