UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDEN GRAHAM, | 1:03-CV-6353 AWI GSA |
| Plaintiff, | ORDER GRANTING MOTIONS FOR RECONSIDERATION TO REOPEN ACTION |
| vs. | (Documents #59 & #52) |
| J. BRAUGHAM, et al., | |
| Defendants. | |

Plaintiff Linden Graham ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The Magistrate Judge found the complaint stated a cognizable claim for relief against Defendant J. Baughman, M.D. (CCI) for a violation of the Eighth Amendment, and against Defendant C. Reece (CMC), for a violation of Due Process. The Due Process claim concerns a serious rules violation wherein Plaintiff was assessed a SHU term as punishment, but after an appeal, Plaintiff became ineligible for SHU placement. This information was never included in Plaintiff's file, and Plaintiff was transferred to another facility and mistakenly placed in the SHU. The Eighth Amendment claim concerns allegations that, after he was transferred to the new facility, Defendant Baughman was deliberately indifferent to Plaintiff's hypertension.

After Defendants had been served and answered the complaint, on July 6, 2006, the Magistrate Judge issued a scheduling order for this action.  However, on July 19, 2006, this order was returned to the court with notification that Plaintiff was no longer at the address he had provided the court.  On October 24, 2006, the Magistrate Judge issued an order to show cause why this action should not be dismissed for Plaintiff's failure to prosecute.  When this order was returned and Plaintiff did not contact the court, the Magistrate Judge issued Findings and Recommendations that this action be dismissed for Plaintiff's failure to comply with a court order and failure to keep the court apprized of Plaintiff's address.  On January 11, 2007, the court adopted the Findings and Recommendations and dismissed this action.

Plaintiff filed a motion for reconsideration of this court's order dismissing this action claiming he had not received the court's prior orders.  Plaintiff contended that during the time court orders were being returned to the court and Plaintiff failed to contact the court, Plaintiff was being wrongfully deported to Jamaica.  Based on Plaintiff's motion, which is signed under penalty of perjury, on February 28, 2008, the court re-opened this action.  Because it was unclear whether Plaintiff was in a Jamaica jail or whether Plaintiff was able to litigate this action, the court ordered Plaintiff to file a status report within thirty days.

When Plaintiff did not provide a status report, on July 7, 2008, the court dismissed this action a second time for Plaintiff's failure to prosecute.

On July 24, 2008 and August 18, 2008, Plaintiff filed motions to amend and motions for reconsideration of the court's order dismissing this action.  In these documents, Plaintiff states he did send to the court a status report, and he lost any control over it after it has placed in the mail.

In the interests of justice, the court will open this action one final time.  Plaintiff is ordered to file a status report stating how he wishes to proceed with this action within forty days. Given the time delays that have arisen when mailing documents to the court, the court advises the Plaintiff comply with this order in a fashion that will still allow for its receipt by the court even if

significant mail delays occur.

     Accordingly, the court

        1.    GRANTS Plaintiff's motion to reopen this action and for reconsideration;

        2.    Within forty days of this order's date of service, Plaintiff SHALL file a status report stating how he wishes to proceed with this action; and

        3.    This status report will be deemed "filed" when it is stamped by the Clerk of the Court.

IT IS SO ORDERED.

**Dated:**   **October 8, 2008**          /s/ **Anthony W. Ishii**
                                                        CHIEF UNITED STATES DISTRICT JUDGE