IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDEN GRAHAM, | 1:03-cv-06353-AWI-GSA-PC |
| Plaintiff, | ORDER GRANTING REQUEST TO VACATE THE SECOND SCHEDULING ORDER AND DENYING REQUEST TO REINSTATE MOTION TO DISMISS (Docs. 73, 80.) |
| vs. | |
| J. BAUGHMAN, M.D. and C. REESE (Counselor), | ORDER VACATING SECOND SCHEDULING ORDER OF JANUARY 13, 2009 (Doc. 71.) |
| Defendants. | |
| | ORDER REOPENING DISCOVERY AND SETTING NEW DEADLINES |
| | ORDER FOR CLERK TO SEND COPIES TO PLAINTIFF (Docs. 1, 22, 39, Docket Sheet.) |
| | **VACATED** Telephonic Trial Confirmation Hearing: April 27, 2009, at 3:00 p.m. before AWI |
| | **VACATED** Jury Trial: June 2, 2009, at 8:30 a.m. in Courtroom 2 (AWI) |
| | **NEW DEADLINES** Deadline to Amend Pleadings - 06-05-2009 Discovery deadline- 08-05-2009 Dispositive Motions deadline - 10-05-2009 |

1

**I.     BACKGROUND**

Plaintiff is a former prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on June 2, 2005. (Doc. 1.) This action now proceeds on the second amended complaint, filed November 14, 2005, on plaintiff's claims for violation of his due process rights against defendant C. Reece (Counselor), and for violations of his rights to adequate medical care under the Eighth Amendment against defendant J. Baughman, M.D. (Doc. 22.) Defendants Reece and Baughman filed an answer to the second amended complaint on May 31, 2006. (Doc. 39.) On July 6, 2006, the court issued a Discovery/Scheduling Order setting deadlines of August 30, 2006 for unenumerated Rule 12(b) motions, March 2, 2007 for completion of discovery, April 2, 2007 to amend pleadings, and May 2, 2007 to file pretrial dispositive motions. (Doc. 41.)

On August 30, 2006, defendant Reece filed a motion to dismiss the claims against him for plaintiff's failure to exhaust administrative remedies. (Doc. 43.) On January 11, 2007, the court dismissed this action in its entirety for plaintiff's failure to keep the court apprised of his mailing address and failure to obey a court order. (Doc. 48.) In light of the dismissal, the court denied defendant Reece's motion to dismiss as moot.

On February 28, 2008, the court granted plaintiff's motion for reconsideration and reopened the case, only to dismiss it again on July 7, 2008 for plaintiff's failure to keep the court apprised of his mailing address and failure to obey a court order. (Doc. 55.)

On July 25, 2008, plaintiff filed a motion to reopen the case, informing the court that he was incarcerated at a jail in Jamaica; the court's mail to him had been delayed; and he wishes to proceed with the litigation of this action. (Doc. 59.) The court granted plaintiff's motion and reopened the case on October 8, 2008. (Doc. 66.)

On January 13, 2009, the court issued a Second Scheduling Order, scheduling a jury trial for June 2, 2009, and establishing pretrial deadlines. (Doc. 71.) On January 23, 2009, defendants objected to the Second Scheduling Order and filed a motion to reinstate

defendant Reece's motion to dismiss. (Doc. 73.) Plaintiff filed an opposition on February 17, 2009. (Doc. 79.) On March 10, 2009, defendants renewed their request to vacate the Second Scheduling order and reinstate the motion to dismiss, or in the alternative, for an extension of time to file their pretrial statement due on April 13, 2009. (Doc. 71.)

Now pending is defendants' request to vacate the Second Scheduling Order and reinstate the motion to dismiss, or in the alternative, for an extension of time to file a pretrial statement.

**II.     DEFENDANTS' REQUEST/MOTION**

Defendants object to the court's Second Scheduling Order on the grounds that (1) the court should reconsider defendant Reece's motion to dismiss, which was timely filed on August 30, 2006; (2) it deprives both defendants of the opportunity to file dispositive motions; and (3) defendants cannot, and should not be required to, arrange plaintiff's telephonic appearances.

Defendants argue that because this case has been reopened, defendant Reece's motion to dismiss of August 30, 2006 is no longer moot. Defendants argue that if the court does not modify the scheduling order or address Reece's motion to dismiss, Reece will have been denied the opportunity to raise a complete defense, and plaintiff will benefit from his failure to keep the court apprised of his current address.

Plaintiff responds that defendant Reece's motion to dismiss is moot because plaintiff has evidence that he exhausted the remedies available to him through the prison grievance process. Plaintiff opposes modification of the court's Second Scheduling Order because he believes the facts and evidence are against defendants Reece and Baughman. He also argues that defendants should be required to arrange his telephonic appearances because the U.S. Attorney General is responsible for his wrongful deportation.

Defendants' argument has merit. Because the discovery deadlines were disrupted when the case was dismissed and reopened, all parties to this action are entitled to recapture the months of discovery that were lost and have an opportunity to file dispositive motions

3

before trial. However, defendant Reece's motion to dismiss was resolved by the court when it was denied as moot, and it shall not be reinstated. Should defendant Reece wish the court to consider the merits of the motion to dismiss, he must file a new motion. The court shall vacate the Second Scheduling Order, reopen discovery, and establish new deadlines for the parties to amend pleadings and file dispositive motions. The dates for the Telephonic Trial Confirmation hearing and the Jury Trial shall be vacated from the court's calendar, and the discovery period shall resume.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' request for the court to vacate the Second Scheduling Order is GRANTED;
2. Defendants' request for the court to reinstate defendant Reece's motion to dismiss is DENIED;
3. The Court's Second Scheduling Order, filed January 13, 2009, is VACATED in its entirety, vacating all deadlines established therein;
4. The Telephonic Trial Confirmation Hearing, scheduled for April 27, 2009 before District Judge Anthony W. Ishii, is VACATED;
5. The Jury Trial, scheduled for June 16, 2009 before District Judge Anthony W. Ishii, is VACATED;
6. Discovery is REOPENED for all parties to this action;
7. The deadline for the parties to Amend Pleadings is now **June 5, 2009**;
8. The deadline for the parties to conclude Discovery, including motions to compel, is now **August 5, 2009**;
9. The deadline for the parties to file Pretrial Dispositive Motions is now **October 5, 2009**;
10. The Clerk shall send to Plaintiff copies of:
    (1) Complaint filed October 1, 2003 (Doc. 1.),
    (2) Second Amended Complaint filed November 14, 2005 (Doc. 22.),

4

(3) Defendants' Answer filed May 31, 2006 (Doc. 39.), and

(4) Docket Sheet for this action.

11. Extensions of time shall only be granted upon a showing of good cause; and

12. Plaintiff's failure to comply with this order may result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated: **March 20, 2009**         **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE